**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 19-2155**

———————

LUIS DAVID PEREZ-LOPEZ,

        Petitioner,

   v.

WILLIAM P. BARR, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  June 30, 2020              Decided:  September 22, 2020

———————

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Ilana Kramer, YACUB LAW OFFICES, Woodbridge, Virginia, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Anna Juarez, Senior Litigation Counsel, Arthur L. Rabin, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis David Perez-Lopez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of his applications for asylum and withholding of removal.[*] For the reasons set forth below, we deny the petition for review.

Before this court, Perez-Lopez devotes a large portion of his brief to challenging the Attorney General's statement in *In re L-E-A-*, 27 I. & N. Dec. 581, 589 (A.G. 2019), that most nuclear families do not qualify as particular social groups. We need not consider whether *In re L-E-A-* is entitled to deference, however, because the Board did not ultimately rely on the Attorney General's decision in dismissing Perez-Lopez's appeal. Although the Board noted in a footnote that *In re L-E-A-* issued after the IJ's decision and further undermined Perez-Lopez's claim, a fair reading of the Board's decision reveals that it nonetheless assumed that Perez-Lopez had presented cognizable family-based particular social groups and upheld the IJ's denial on the ground that Perez-Lopez failed to demonstrate a nexus between these groups and the persecution he experienced or fears in Guatemala. Accordingly, Perez-Lopez's challenges to *In re L-E-A-* are not properly before us.

Perez-Lopez also contends that the Board erred in finding that he failed to show a nexus between his past persecution, or fear of persecution, and a protected ground. We

---

[*] Perez-Lopez does not challenge the denial of his request for protection under the Convention Against Torture. He has therefore waived appellate review of this claim. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

have thoroughly reviewed the record, including the transcript of Perez-Lopez's merits hearing and all supporting evidence. Upon review, we conclude that substantial evidence supports the agency's finding that Perez-Lopez failed to establish a nexus to an anti-gang political opinion or imputed political opinion or to his proposed family-based particular social groups. Because the agency's findings as to nexus are dispositive of Perez-Lopez's claims for relief, we deny the petition for review. *See In re Perez-Lopez* (B.I.A. Sept. 23, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*